# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONDON WALLACE, by and through his guardian ad litem Lois Robinson,<br><br>Plaintiff<br><br>v.<br><br>CITY OF FRESNO, FRESNO POLICE DEPARTMENT, OFFICER CHRISTOPHER MARTINEZ, OFFICER RICARDO LOZA, and DOES 2 to 25, inclusive,<br><br>Defendants | CASE NO. 1:19-CV-1199 AWI SAB<br><br>ORDER ON DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS<br><br>(Doc. No. 17) |

This case arises from a confrontation involving minor Plaintiff London Wallace ("Wallace") and two members of the Fresno Police Department ("FPD"). Wallace alleges claims under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment and *Monell* liability, as well as state law claims for battery, negligence, intentional infliction of emotional distress, false imprisonment, and the Bane Act.[1] The operative complaint is the First Amended Complaint ("FAC"). Currently before the Court is Defendants' Rule 12(b)(6) motion to dismiss the third cause of action for *Monell* liability. For the reasons that follow, Defendants' motion will be granted.

## **RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

---
[1] By stipulation, Wallace's claims for negligent infliction of emotional distress and violation of the Fourteenth Amendment were dismissed and are no longer a part of this case. See Doc. Nos. 18, 19.

plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Somers, 729 F.3d at 960. The Ninth Circuit has distilled the following principles for Rule 12(b)(6) motions: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or

matters subject to judicial notice. In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th Cir. 2014). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016). However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

## BACKGROUND

From the FAC, on January 23, 2019, City of Fresno ("the City") police officers arrived at an apartment in order to conduct a probation search. The officers ordered and forced everyone in the apartment to go outside. Everyone who had been in the apartment, including Wallace, was forced outside, searched, and detained. Wallace was not in possession of any illegal substances, drugs, or weapons. After being searched, Wallace was told to sit along a wall until directed otherwise. Before Wallace could sit down, Defendant Officer Christopher Martinez attacked, punched, and tackled Wallace to the ground. Wallace sustained serious injuries, including a broken nose, bleeding, and emotional distress. At no point did Wallace disobey orders, pose a threat, or consent to being searched.

## DEFENDANTS' MOTION

*Defendants' Argument*

Defendants argue that the FAC contains no factual allegations that plausibly indicate *Monell* liability. Instead, there are only improper legal conclusions that amount to little more than boilerplate. Because there are insufficient factual allegations that demonstrate a constitutional violation through either a policy, custom, practice, or ratification, dismissal is proper.

*Plaintiff's Opposition*

Wallace argues that a *Monell* claim is properly pled if it alleges that the plaintiff was deprived of constitutional right by defendants and their employees acting under state law, that the defendants have customs or policies which amount to deliberate indifference to their constitutional

3

rights, and the policies or customs were the moving force behind the constitutional violation. Wallace also argues that it is improper to dismiss *Monell* claims at the pleading stage, even where the claims are made in conclusory language. As the Ninth Circuit has acknowledge, dismissal is improper even when there is nothing more than a bare allegation that the individual officer's conduct conformed to an official policy, custom, or practice. Here, the FAC alleges a repeated practice of conditioning and tacitly encouraging abuse of authority and a disregard of constitutional rights. The FAC also alleges inadequate supervision, training, control, assignment, and discipline of officers, as well as inadequate procedures for reporting, supervising, investigating, revealing, disciplining, and controlling misconduct. Finally, the FAC alleges a longstanding history of hurried public advocacy, perpetuating, sanctioning, ratifying, fostering, and tolerating outrageous police conduct. These allegations amount to more than the bare allegations that the Ninth Circuit accepts and are sufficient to state a claim. Alternatively, Wallace requests leave to amend if the Court reaches a contrary conclusion.

*Relevant Allegations*

In relevant part, the FAC alleges:

> The [City and FPD] have a long history of examples of its pattern and practice in the use of excessive force in handling issues with its citizens. There is a pattern and practice of officers not being properly disciplined for their actions involving use of excessive force. As a result of this failure to address and discipline, the [City and FPD] have fostered an environment and created a culture and belief that it is permissible to use excessive force against civilians and their property without fear of repercussion, accountability, or disciplinary action by [the City and FPD].

> The actions of Defendants who were involved in this incident were taken contrary to written policies and practices of [the City and FPD]. Those actions were consistent with [FPD's] culture of deliberate indifference to the use of excessive force in encounters with civilians, when it is a grossly disproportionate response to a situation, and even when no reasonable basis exists for any use of force whatsoever, as in this case.

> Despite Defendants' knowledge of these illegal policies and practices, the supervisory and policy-making employees of [the City and FPD] have maliciously and with deliberate indifference, taken no effective steps to terminate the policies and practices. The [FPD] has not effectively disciplined or otherwise properly supervised the officers who engage in these policies and practices; has not effectively trained their officers with regard to the proper constitutional and statutory limits of the exercise of their authority; and has sanctioned the policies and practices through their deliberate or grossly negligent indifference to their detrimental effect on the constitutional rights of local residents. Based upon information and belief, [the City]'s supervisory and policy making personnel have

maliciously and with deliberate indifference taken no effective steps to terminate the policies and practices or change the [FPD's] culture of its illegal policies and practices in dealing with its citizens including, but not limited to, [Wallace]. [The City] routinely failed to effectively discipline and properly supervise the officers who engage in this policies, procedures, and practices of the [FPD] and have not effectively trained its officers with regard to the proper Constitutional and statutory limits of the exercise of its officers' authority. Rather, [the City and the FPD] have sanctioned the policies and practices through their deliberate and/or grossly negligent indifference to their detrimental effect on the Constitutional rights of [City citizens].

Despite [the City and FPD] knowing of civil rights abuses by its employees/police officers, they failed to remedy or address these violations, knowingly and with deliberate indifference, and promulgated policies on the use of excessive force by officers and deliberately disregard the Constitutional rights of the [City's citizens]. Based upon information and belief, the acts, omission, practices, policies, failure to discipline, and long history of complete and utter support by the [FPD and the City] of its police officers involved in such situations and incidents of civil rights abuses, were ratification and approval by [the City] and its employees and/or agents, which resulted in [Wallace's] injuries and damages.

. . . . .

. . . [Wallace] alleges that the acts and/or omissions alleged in [the FAC] are indicative of a repeated practice of conditioning and tacitly encouraging the abuse of authority and disregard for the Constitutional rights of citizens including, but not limited to, [Wallace].

On or about January 23, 2019, Defendants, and each of them, deprived [Wallace] of the rights and liberties secured by [the Fourth Amendment]. In doing so, Defendants . . . along with their supervising and managing employees, agents, and representatives, acting with gross negligence, reckless disregard, and deliberate indifference to the rights and liberties of the public in general . . . knowingly maintained, enforced, and applied an official recognized custom, policy and practice of inadequately supervising, training, controlling, assigning and disciplining [FPD] officers and other personnel, including maintaining grossly inadequate procedures for reporting, supervising, investigating, revealing disciplining, and controlling the misconduct of its officers.

The longstanding history of hurried public advocacy, perpetuating, sanctioning, ratifying, fostering, and tolerating outrageous police conduct and other acts, Defendants . . . acted within intentional, reckless and callous disregard for the well being of [Wallace] and his Constitutional rights. The actions of Defendants . . . were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any person or normal sensibilities.

FAC ¶¶ 18-21, 35-37.

*Legal Standard*

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978); Castro v. County of L.A., 797 F.3d 654, 670 (9th Cir. 2015). A municipality,

5

however, "cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality cannot be held liable under [42 U.S.C. § 1983] under a respondeat superior theory." Monell, 436 U.S. at 691; see Castro, 797 F.3d at 670. Liability only attaches where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694; Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008). Municipal liability may be premised on: (1) conduct pursuant to a formal or expressly adopted official policy; (2) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (3) a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (4) an official with final policymaking authority either delegating that authority to, or ratifying the decision of, a subordinate. See Thomas v. County of Riverside, 763 F.3d 1167, 1170 (9th Cir. 2014); Price, 513 F.3d at 966.

A failure to train or inadequate training may form the basis for municipal liability under § 1983 where the training or failure to train amounts to deliberate indifference to the rights of the persons with whom the municipality's employees come into contact. Flores v. County of L.A., 758 F.3d 1154, 1158 (9th Cir. 2014); Long v. County of L.A., 442 F.3d 1178, 1186 (9th Cir. 2006). Under such a theory, the "issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." Long, 442 F.3d at 1186. A municipality is deliberately indifferent when the need for more or different action is "so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." City of Canton v. Harris, 489 U.S. 378, 390, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); Mortimer v. Baca, 594 F.3d 714, 723 (9th Cir. 2010).

Allegations of *Monell* liability involving a policy, practice, or custom will be sufficient for purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and

6

(4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur. McFarland v. City of Clovis, 163 F.Supp.3d 798, 802 (E.D. Cal. 2016); Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149-50 (E.D. Cal. 2009).

*Discussion*

Initially, Wallace is incorrect to cite pre-*Iqbal* Ninth Circuit cases for the proposition that a "bare allegation" of *Monell* liability is sufficient. In the same year as *Iqbal*, 2009, this Court found that the "bare allegation" pleading standard was incompatible with *Iqbal* and no longer viable. See Young, 687 F.Supp.2d at 1148. The Ninth Circuit itself confirmed this conclusion in 2012. See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637-38 (9th Cir. 2012) (noting that *Twombly* and *Iqbal* "appl[y] to *Monell* claims and should govern future pleadings"). Defendants' motion expressly cited to and relied upon *Twombly*, *Iqbal*, and *Young*, yet Wallace did not cite to or in any way even address those controlling cases. Wallace's reliance on a legal proposition that has been defunct for a decade is inexplicable and improper.[2]

1. Policy or Custom

The FAC contains many legal conclusions and boilerplate-type allegations, but a clear identification of a policy, practice, or custom is absent. Nevertheless, it appears that Wallace is alleging that the City has an unconstitutional policy or custom in three areas: (1) improperly or ineffectively disciplining officers involved in uses of excessive force, (2) ineffectively training officers regarding the proper limits of their authority, and (3) improperly or ineffectively supervising its employees, including assignments, investigations, and reporting misconduct.[3] So viewing the FAC, no plausible *Monell* policy/custom claim has been alleged.

The FAC fails to explain how any of the above policies or customs are deficient. There are a number of ways in which training, supervision, and discipline may be "improper" or "ineffective." For example, training may be ineffective because there is a complete absence of

---

[2] In the same vein, the Court notes that Wallace's opposition cites pre-*Twombly* and *Iqbal* cases with respect to Rule 8 pleading standards.

[3] Because the Court is going to dismiss the third cause of action with leave to amend, Wallace should clearly identify each policy at issue as part of an amended complaint.

7

1  training on a particular subject, or because an incorrect standard is taught.  Simply stating that
2  something is improperly, inadequately, or ineffectively done is conclusory and does not provide
3  sufficient notice of the aspect of the policy or custom that is unlawful or deficient.  See Jack v.
4  County of Stanislaus, 2017 U.S. Dist. LEXIS 150367, *29-*34 (E.D. Cal. Sept. 15, 2017);
5  McFarland, 163 F.Supp.3d at 803; cf. Lucas v. City of Visalia, 2010 U.S. Dist. LEXIS 35631,
6  *13-*16 (E.D. Cal. Apr. 8, 2010) (finding allegations that identified particular deficiencies in
7  policy plausibly stated a *Monell* claim).  Additionally, except for allegations relating to a policy of
8  inadequate discipline, the FAC does not explain how either the inadequate training or supervision
9  caused Wallace's rights to be violated.  While the FAC does allege that inadequate discipline has
10 "created a culture and belief that it is permissible to use excessive force against civilians and their
11 property without fear of repercussion, accountability, or disciplinary action," without identifying
12 what about the City's discipline policy or custom is inadequate, the allegation is not plausible.  It
13 is the identification of the particular deficiency, for example a failure to impose any discipline,
14 that gives the causation allegation further support and moves it beyond a mere conclusory
15 allegation into the realm of plausibility.  Finally, without sufficient allegations that identify a
16 particular deficiency in a policy or custom, and with insufficient allegations that show or support
17 causation, it cannot be determined whether the City acted with deliberate indifference.  For these
18 reasons, there are no plausible *Monell* policy or custom claims in the third cause of action.
19 Dismissal of these claims is appropriate.  See Jack, 2017 U.S. Dist. LEXIS 150367 at *29-*34;
20 McFarland, 163 F.Supp.3d at 806.

21        2.      Ratification

22        Whether Wallace is pursuing a ratification theory is unclear.  Defendants' motion to
23 dismiss challenged the allegations that mention ratification, but Wallace did not address or attempt
24 to defend such a theory.  To the extent that the FAC can be read as attempting to allege
25 ratification, dismissal is appropriate.
26        As stated above, *Monell* liability may be premised on an official with final policymaking
27 authority ratifying the actions or decisions of a subordinate.  See Thomas, 763 F.3d at 1170.
28 Ratification is not the same as merely failing to discipline, rather it is approving a constitutional

8

violation and the basis for it.  See Sheehan v. City & Cnty. of San Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014).[4]  State differently, a policymaker must make a deliberate choice to endorse the subordinate's actions, merely acquiescing is not sufficient.  Id.  Here, there are no allegations that discuss or identify any policymakers, nor are there allegations that describe any kind of endorsement by a policymaker of the police officers' actions toward Wallace.  The FAC merely mentions the term "ratified" without any supporting factual allegations.  This kind of conclusory pleading does meet the *Iqbal* standard.  Therefore, any *Monell* ratification claim contained in the third cause of action is dismissed.  See Jack, 2017 U.S. Dist. LEXIS 150367 at *39.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is GRANTED;
2. The third cause of action is DISMISSED with leave to amend;
3. Plaintiff may file an amended complaint no later than twenty-one (21) days from service of this order; and
4. If Plaintiff fails to file a timely amended complaint, leave to amend shall be automatically withdrawn without further order and Defendants shall file an answer twenty-eight (28) days from service of this order.

IT IS SO ORDERED.

Dated:   November 19, 2019                 _____
                                            SENIOR DISTRICT JUDGE

---

[4] Rev'd in part on other grounds, 135 S.Ct. 1765 (2015).