# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONDON WALLACE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01199-AWI-SAB<br><br>ORDER RE JOINT STATEMENT OF DISCOVERY DISAGREEMENT<br><br>(ECF Nos. 47, 50, 51)<br><br>FOURTEEN DAY DEADLINE |

London Wallace ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 30, 2019. Currently before the Court is the parties joint statement re discovery disagreement, filed on March 3, 2021. (ECF No. 47.)

**I.**

**BACKGROUND**

Around January 23, 2019, a probation search was performed at 250 N. Calaveras Street, Apartment 204, in Fresno, California. (Compl., ¶ 7, ECF No. 1-2.) Everyone inside the apartment, including Plaintiff, was ordered outside, searched, and detained. (Id., ¶¶ 8, 9.) Plaintiff was ordered to sit along the apartment wall, but before he could sit down, Defendant Martinez attacked, punched, and tackled Plaintiff. (Id., ¶ 12.)

On July 30, 2019, Plaintiff filed an action in the Fresno County Superior Court against the City of Fresno, Fresno Police Department, and Christopher Martinez alleging excessive force

1

1    in violation of the Fourth and Fourteenth Amendments, municipal liability, and state court causes
2    of action. (ECF No. 1-2.) On August 30, 2019, the named defendants removed this action to the
3    Eastern District of California. (ECF No. 1.)
4           On October 4, 2019, Plaintiff filed a first amended complaint adding Officer Ricardo
5    Loza as a defendant. (ECF No. 11.) On October 16, 2019, a motion to dismiss was filed. (ECF
6    No. 17.) At the stipulation of the parties, the second and seventh causes of action were dismissed
7    from the complaint on October 18, 2019. (ECF Nos. 18, 19.) On November 20, 2019,
8    Defendants' motion to dismiss the third cause of action was granted and Plaintiff was ordered to
9    file a amended complaint within twenty one days. (ECF No. 26.)
10          On December 9, 2019, Plaintiff filed a second amended complaint. (ECF No. 27.) An
11   answer to the complaint was filed on December 23, 2019. (ECF No. 29.) The mandatory
12   scheduling conference was held on February 11, 2020, and a scheduling order issued. (ECF Nos.
13   32, 33.)
14          On May 21, 2020, Defendants served a request for production of documents, set one.
15   (ECF No. 47-2.) On June 9, 2020, Plaintiff served responses to request for production of
16   documents, set one. (ECF No. 47-3.)
17          Plaintiff filed a motion for leave to file a third amended complaint that was granted on
18   June 23, 2020, and a third amended complaint was filed that same day adding Officer Michael
19   Aguilar and Patrick Feller as defendants. (ECF Nos. 39, 40.) Defendants City of Fresno, Fresno
20   Police Department, Martinez, Loza, Aguilar, and Feller filed an answer to the third amended
21   complaint on June 25, 2020. (ECF No. 41.)
22          On September 25, 2020, Defendants served a second amended notice of deposition of
23   Plaintiff London Wallace with a request for production of documents. (ECF No. 47-7.) On
24   November 16, 2020, a deposition was conducted of Plaintiff at which he stated that two days
25   following the incident he was provided with a video recording of the incident by his neighbor
26   and had provided the recording to his attorney. (Depo. of Plaintiff, 82:14-83:9, ECF No. 47-8.)
27          On January 7, 2021, at the stipulation of the parties, the scheduling order was amended.
28   (ECF No. 46.)

On February 17, 2021, a deposition was conducted of Plaintiff's neighbor, Andre Bouieadams who testified that he had three videos of the incident and the he provided two of the videos to Plaintiff. (Depo. of Andre Bouieadams, 27:1-27, 76:24-78:16, ECF No. 47-9 at 3.) Mr. Bouieadams testified that the videos are still on the cloud and he was pretty sure that he could find them. (Id. at 27:11-13, 45:7-10, 112:20-113:6.) On March 3, 2021, the instant joint statement of discovery disagreement was filed. (ECF No. 47.) On March 4, 2021, an order issued requiring Defendant to supplement the motion to compel. (ECF No. 49.) On March 5, 2021, counsel Kevin Louth and Lynn Carpenter filed declarations in support of the request for attorney fees. (ECF Nos. 50, 51.)

On March 9, 2021, an order issued vacating the hearing on the joint statement of discovery disagreement and the matter was taken under submission. (ECF No. 52.)

## II.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rule 37 of the Federal Rules of Civil Procedure provides that a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an

1  interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to
2  respond that inspection will be permitted -- or fails to permit inspection -- as requested under
3  Rule 34." Fed. R. Civ. P. 37(a)(3)(B).  The party opposing the discovery bears the burden of
4  resisting disclosure.  Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

    If the motion is granted or the disclosure or requested discovery is provided after the filing of the motion, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

## III.

## DISCUSSION

### A.   Argument of the Parties

    Defendants contend that Plaintiff's responses to request for production, set one, no 17 and 18 and request for production no. 6 in the second amended notice of Plaintiff's deposition were deficient under the discovery rules.  Defendants assert that Plaintiff testified at his deposition that he had videos of the incident alleged in the complaint in his possession but has never produced them nor provided a detailed explanation as to what he claims happened to the recordings, and has not indicated that he searched the cloud for his own copies of the recordings.

    Defendants seek to order Plaintiff to produce the cell phone recordings.  Defendants rely on Plaintiff's deposition testimony that he received the recordings from his neighbor and still has them in his possession and the neighbor's deposition testimony that he provided two videos to Plaintiff approximately a month after the incident at Plaintiff's request.  Defendants seek to have Plaintiff supplement his response to request for production nos. 17 and 18, set one, and request for production no. 6 of the second amended notice of deposition of London Wallace and to require him to produce the cell phone recordings.  Defendants also seek an order for Plaintiff and his attorney to pay Defendants' reasonable attorney fees incurred in bringing this motion.

    Plaintiff counters that at no time during this litigation has Plaintiff or his counsel withheld

4

the cell phone recordings. Plaintiff argues that he has made every effort to obtain Mr. Bouieadams' cell phone video recordings. Plaintiff contends that he has searched his possessions and is unable to locate any cell phone video recordings of the incident. Plaintiff states that he contacted his defense attorney who recalled seeing the video on Plaintiff's grandmother's cell phone. Plaintiff also states that he contacted his grandmother who stated she is unable to locate the cell phone recording. Plaintiff states that he never backed up his cell phone to the cloud and therefore he is unable to locate, retrieve or produce the cell phone recording. Plaintiff states that he will not make any argument at trial that any of the videos of the incident were doctored. Further, Plaintiff argues that the entirety of the subject incident was captured on the officers' body cameras. Plaintiff contends that his defense counsel viewed the video and found that it did not contain anything of significant value for either party.

**B.      Plaintiff Shall be Required to Supplement his Discovery Responses**

Defendants served a requests for production of documents on May 21, 2020. Request for production no. 17 seeks

> Any and all Documents or Evidence (in any medium – including but not limited to any photographs, audio recordings, video recordings, digital recordings, and electronic discovery in any storage medium) that You contend depict any part of the Incident interaction between any employee of the CITY OF FRESNO and You and/or that You contend depict(s) any pertinent facts supporting any of Your claims in this action.

(ECF No. 47-2 at 18.)

Defendants' request for production no. 18 seeks

> Any and all Documents or tangible Evidence, in any medium recorded (including any photographs, audio recordings, video recordings, diagrams, or other visual or comparable electronic or hardcopy records) made or obtained by You in any way related to the Incident and/or the location(s) where the Incident occurred – including but not limited to any and all Witness statements taken by You (where You anticipate or estimate or have any reason to suspect that such Witness' testimony may be offered at the time of trial) – but excluding privileged matters and attorney-client communications.

(Id. at 18-19.)

Plaintiff's response to request for production no. 17 and 18 both state,

> Objection is made to this interrogatory on the grounds that it seeks to have Plaintiff render legal and/or expert opinions that Plaintiff is not qualified to make, calls for a legal conclusion, invades the province of the trier of fact, seeks to

include information protected by Rule 26 of the Federal Rules of Civil Procedure regarding experts and other confidential information protected by the attorney/client privilege and work product limitation on discovery, is vague, ambiguous and overly broad, calls for speculation, and seeks, directly or indirectly, protected information concerning the investigation launched by Plaintiff and Plaintiff's counsel, including without limitation their mental thoughts, strategies and processes. Subject to and without waiver of the foregoing general or specific objections, Plaintiff responds as follows:

After a diligent search and reasonable inquiry, attached hereto as Exhibit "A" are documents responsive to this request that are in my possession at this time.

(ECF No. 47-3 at 12-13.)

The second amended notice of deposition, request for production no. 6, seeks "Any cell phone recordings and/or recordings in any other medium related to the subject incident that is at issue in this lawsuit." (ECF No. 47-4 at 5.) Plaintiff did not produce the video of the incident at his deposition nor did he object to the request for production.

"Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible.' " Berger v. Home Depot USA, Inc., No. SACV10678SJOPLAX, 2010 WL 11558000, at *7 (C.D. Cal. Oct. 7, 2010) (quoting Zervos v. S. S. Sam Houston, 79 F.R.D. 593, 595 (S.D.N.Y. 1978) and LaChemise Lacoste v. Alligator Co., 60 F.R.D. 164, 172 (D. Del. 1973)). The "court cannot compel a party to produce documents that do not exist and a mere suspicion that additional documents exist is an insufficient basis to grant a motion to compel. K.C.R. v. Cty. of Los Angeles, No. CV 13-3806 PSG (SSX), 2014 WL 12725470, at *8 (C.D. Cal. Aug. 6, 2014). To succeed on the motion, "the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld." K.C.R., 2014 WL 12725470, at *8. Here, Defendants have provided specific evidence that the cell phone videos exist and that they were in Plaintiff's possession and control after the incident. In fact, Plaintiff's counsel asserts that Plaintiff showed the video to his defense counsel in his criminal case.

"A party is deemed to have control over documents if he or she has a legal right to obtain them." Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Further, "[a] party responding to a document request 'cannot furnish only that information within his immediate

1  knowledge or possession; he is under an affirmative duty to seek that information reasonably
2  available to him from his employees, agents, or others subject to his control.' " Rogers, 288
3  F.R.D. at 485; see also Hill v. Eddie Bauer, 242 F.R.D. 556, 560 (C.D. Cal. 2007).

4        Based on the testimony of Mr. Bouieadams, Plaintiff requested and received the videos of
5  the incident shortly after it occurred for the purposes of filing a lawsuit.  However, Mr.
6  Bouieadams also testified that he was not sure whether he provided the videos to Plaintiff or to
7  his brother.  Mr. Bouieadams testified several times that he still has access to the cloud and
8  would be able to obtain the videos from the cloud.  Further, as Defendants argue, Plaintiff
9  testified at his deposition that he had these videos in his possession but has never produced them
10 nor has he supplemented his discovery responses to provide a detailed explanation as to what he
11 claims happened to the recordings.

12       Here, it is undisputed that Plaintiff had in his possession the two video recordings of the
13 incident.  Further, while Plaintiff seeks to downplay the importance of the videos, it appears that
14 Mr. Bouieadams recorded the entire incident from the doorway of his apartment.  Mr.
15 Bouieadams testified that he was holding the camera in front of himself at eye level and the
16 officer told him to close the door. (Bouieadams Depo. 45:15-24.)  The first recording that he
17 took was about 20 seconds and was on a phone that was going dead. (Id. at 27:1-3.)  This video
18 only depicted the officers outside the door and did not have any of the contact with Plaintiff. (Id.
19 at 78:1-9.)  There is also a video that was approximately 12 to 13 minutes in length and a third
20 video that was two minutes in length. (Id. at 77:2-25.)  Plaintiff requested the video and Mr.
21 Bouieadams gave these two videos to Plaintiff or his brother approximately a month after the
22 incident. (Id. at 76:21-77:14, 78:10-16.)  Law enforcement asked for the video, but Mr.
23 Bouieadams refused to turn them over without a warrant. (Id. at 27:17-25.)  The videos were in
24 Plaintiff's possession and are clearly relevant in this action and responsive to the requests for
25 production. Fed. R. Civ. P. 26(b)(1).

26       Plaintiff argues that the videos do not show anything different from the body camera
27 footage, however, even if this is true it would not establish that Plaintiff's conduct in failing to
28 produce the video did not violate the discovery rules. Henry v. Gill Indus., Inc., 983 F.2d 943,

1  947 (9th Cir. 1993).  Plaintiff has admitted that he was in possession of the video at the time that he was contemplating filing this lawsuit and he was required to preserve the video of the incident.  "A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." Compass Bank v. Morris Cerullo World Evangelism, 104 F.Supp.3d 1040, 1051 (S.D. Cal. 2015); see also In re Napster, Inc. Copyright Litig., 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.").

In responding to discovery requests, "a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses" and "[b]ased on that inquiry, a party responding to a request for production 'is under an affirmative duty to seek that information reasonably available' to it and make an appropriate production of responsive documents.' "  Hawkins v. Kroger Co., No. 15-CV-2320-JM(BLM), 2019 WL 4416132, at *8 (S.D. Cal. Sept. 16, 2019) (quoting Hartline v. Nat'l Univ., 2018 WL 1014611, at *3 (E.D. Cal. Feb. 22, 2018)).  The party must "conduct a diligent search and reasonable inquiry in effort to obtain responsive documents."  Hawkins, 2019 WL 4416132, at *8 (collecting cases).  In responding to document requests a party "must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the 'party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.' " Rogers, 288 F.R.D. at 485 (citations omitted); Coppola v. Smith, No. 1:11-CV-1257-AWI-BAM, 2016 WL 726903, at *2 (E.D. Cal. Feb. 23, 2016); see also Hawkins, 2019 WL 4416132, at *8 ("If a party cannot furnish details, he should say so under oath, and say why and set forth the efforts used to obtain the information and cannot plead ignorance to information that is from sources within his control.").  "Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents." EnvTech, Inc. v. Suchard, No. 3:11-CV-00523-HDM, 2013 WL 4899085, at *5 (D. Nev. Sept. 11, 2013).

Based on the evidence presented in the current motion, Plaintiff had two videos of the

1  incident in his possession and control, and there is evidence that the videos may also be in the
2  possession of Plaintiff's grandmother and his brother, and his criminal attorney has at least seen
3  if he did not keep a copy of the video. "Pursuant to Rule 37(a), a party propounding discovery or
4  taking a deposition may seek an order compelling responses when an opposing party has failed
5  to respond or has provided evasive or incomplete responses." Jackson v. Farmers Ins. Exch., No.
6  2:14-CV-00250-WBS-AC, 2014 WL 7150264, at *5 (E.D. Cal. Dec. 15, 2014) (quoting Fed. R.
7  Civ. P. 37(a)(3)(B)).  The videos were in Plaintiff's possession prior to the request for production
8  of documents, set one, being propounded and Plaintiff did not produce the videos in response to
9  any of the requests for production of documents.  Plaintiff's response that "[a]fter a diligent
10 search and reasonable inquiry," the documents listed in Exhibit A are the only documents
11 responsive to this request that are in my possession at this time is clearly insufficient for the
12 Court to determine that Plaintiff conducted a reasonable search in a good faith attempt to locate
13 the videos.  To comply with the discovery rules, Plaintiff must confirm that he conducted a
14 thorough search with due diligence; and he must briefly describe the search such that the Court
15 can determine whether it was reasonable. Coppola, 2016 WL 726903, at *3.

16     Accordingly, in responding to the request, Plaintiff must do more than say he searched
17 and no responsive documents were found, "[]he must briefly describe the search to allow the
18 Court to determine whether it was reasonable." Rogers, 288 F.R.D. at 485.  Plaintiff shall be
19 required to further supplement his response to the first request for production of documents, nos.
20 17 and 18, and request for production of documents no. 6 in the second amended notice of
21 deposition.  In supplementing his responses, Plaintiff must identify the specific attempts that he
22 made to obtain the videos, including his efforts as to the family members who potentially had the
23 videos, so that the Court can ascertain that he conducted a reasonable search in a good faith
24 attempt to produce the videos.  See Jackson, 2014 WL 7150264, at *6 ("if no responsive
25 documents or tangible things exist, the responding party must describe its search with sufficient
26 specificity to allow the court to determine whether the party made a reasonable inquiry and
27 exercised due diligence"); Luma Pictures Inc. v. Betuel, No. CV 16-2625-GW (PLAX), 2016
28 WL 11519332, at *8 (C.D. Cal. Dec. 21, 2016) (requiring responding party to provide "a

declaration, signed under penalty of perjury, detailing the procedures and efforts he made to locate responsive documents and the results of that search, and declaring that after this search he has now produced all documents responsive to these requests.").

Defendants motion to compel a further response to request for production of documents, set one nos. 17 and 18 and request for production no. 6 in the second notice of deposition is granted.

### C.     Request for Reasonable Attorney Fees

Defendants seek $2,380.00 for 8.5 hours spent in meeting and conferring on the issue and for bringing the motion to compel production of the videos.  Plaintiff does not specifically respond to the request for sanctions.  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if the motion to compel is granted, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  An award of sanctions is mandatory under Rule 37(a)(5) unless the party shows that the failure to respond was substantially justified or that an award of expenses would be unjust.  Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 311 (C.D. Cal. 2020).  It is the burden of the party being sanctioned to establish this substantial justification or the existence of special circumstances.  Infanzon, 335 F.R.D. at 311.

Here, Defendants have presented evidence that they have made good faith attempts to meet and confer prior to bringing the instant motion.  Defendants contacted Plaintiff's counsel by email on November 17, 2020, and Plaintiff's counsel responded that Plaintiff would search his possessions again to locate the video and if it was located it would be produced immediately.  (ECF No. 47-5 at 2.)   The parties continued to attempt to meet and confer by email and Plaintiff's counsel stated that Plaintiff does not have the videos and that his public defender remembered seeing them on his grandmother's cell phone.  (Id. at 4.)  Plaintiff's grandmother was contacted and she confirmed that she did not have the video on her cell phone.  (Id.)  While

1  Plaintiff has continually asserted that he searched and was unable to locate the video, he has
2  never supplemented his response to the request for production to set forth the efforts made to
3  locate the video and counsels assertion that Plaintiff searched and did not find the video is
4  insufficient to satisfy Plaintiff's discovery obligation.

5      On February 19, 2021, defense counsel sent a meet and compel letter attempting to
6  resolve the issue and informing Plaintiff that a motion to compel would be filed. (ECF No. 47-
7  6.) Plaintiff again responded that he does not have and cannot locate the cellphone videos and
8  that they did receive the subpoena to Mr. Bouieadams. (ECF No. 47-7.) Defendants have
9  demonstrated that they have attempted to meet and confer to resolve this issue.[1]

10     While Plaintiff argues that he does not have the video, it is clear from the evidence
11 presented that Plaintiff obtained the two videos prior to filing this action and to decide if a civil
12 action should be filed. Plaintiff did not produce the videos with his initial disclosures or in
13 response to the requests for production of documents. At his deposition on November 16, 2020,
14 Plaintiff testified that he still had the videos, and Mr. Bouieadams testified at his deposition that

---

[1] It is unclear from the current motion why the parties filed a joint statement of discovery disagreement rather than availing themselves of the Court's informal discovery process which would have resolved the issue without the issuance of sanctions. See Informal Telephonic Conferences Regarding Discovery Disputes for Magistrate Judge Stanley A. Boone, Discovery Dispute Procedures, available at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50161/ ("The intent of the informal discovery dispute conference is to avoid litigation costs and the unnecessary and collateral focus on sanctioning a party. Accordingly, the Court will not impose sanctions against any party for the conduct giving rise to the discovery dispute.")

Initially, Defendants informed Plaintiff that the issue could be handled through the informal discovery dispute procedures. On January 21, 2021, Defendants emailed Plaintiff's counsel because no videos had been produced in response to the November 18, 2020 email indicating that Plaintiff would search for the email. (January 12, 2021 email from Lynn Carpenter to Nolan Kane, ECF No. 47-5 at 6.) At this time, Defendants requested that Plaintiff let them know his position or if it would be necessary to set an informal discovery conference on this topic. (Id. at 7.) On January 25, 2021, Defendants informed Plaintiff that if the videos were not produced then they "may be forced to file a MTC and seek sanctions requesting its exclusion at an eventual trial. (January 25, 2021 email from Lynn Carpenter to Nolan Kane, ECF No. 47-5 at 4.) In the February 19, 2021, meet and confer letter, Defendants indicated that they intended to file a motion to compel production and seek sanctions for the costs associated with the motion if Plaintiff did not immediately supplement the responses to request for productions no. 17 and 18 in the request for production of documents, set one, and request for production no. 6 in the request for production for the second notice of deposition of Plaintiff. (February 19, 2021 Meet and Confer Letter, ECF No. 47-6.) Plaintiff responded on February 24, 2021 that he had fully complied and responded in written discovery and that any motions related to the cell phone videos were unnecessary. (February 24, 2021 Letter, ECF No. 47-7.)

The parties are advised that this matter could have been expeditiously handled through the informal discovery dispute process with significantly less cost to the parties and less of the Court's resources.

he provided the videos to Plaintiff a month after the incident. Despite Defendants specific request that Plaintiff supplement his discovery responses, Plaintiff has steadfastly refused to do so stating that his response was adequate.

Despite numerous requests for to supplement his discovery responses to address the failure to produce the two videos, Plaintiff did not supplemented his discovery responses to address the efforts that he has made to search for the videos nor is there any indication that he contacted his brother to see if he had the videos. Rather, Plaintiff merely keeps asserting that he does not have the videos without a verified response setting forth any efforts that he made in searching for the video.

Plaintiff has not argued any substantial justification for the failure to supplement his discovery responses nor has he argued that an award of expenses would be unjust. Rather, Plaintiff merely argues that the videos do not show anything different than the officer's body camera and that his defense attorney did not think the videos were helpful to either party. However, a party's discovery obligations are not dependent on whether the party believes the evidence is important or helpful. Rather, Plaintiff brought this lawsuit, had relevant evidence in his possession which he was obligated to preserve, and he has not produced the evidence nor provided a supplemental discovery response setting forth any good faith effort to locate the videos. The Court finds that an award of attorney fees pursuant to Fed. R. Civ. P. 37 is appropriate.

Reasonable attorney fees shall be awarded pursuant to Fed. R. Civ. P. 37(a)(5)(A) for the costs of meeting and conferring and preparing the instant motion. Defendant seeks attorney fees for eight and one half hours spent in meeting and conferring and preparing the instant motion. In determining if the amount requested is reasonable courts use the lodestar method which multiplies the number of hours reasonably expended by counsel by the reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); Infanzon, 335 F.R.D. at 314.

Counsel seeks $280.00 per hour for the time expended in this action. In the Fresno Division of the Eastern District of California, this Court has found reasonable hourly rates to

1 range from $200.00 to $425.00 per hour.  In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d
2 813, 838 (E.D. Cal. 2016).  Counsel Kevin Louth received his juris doctorate in 1983 and has
3 been a member in good standing of the California Bar since December 1983. (Decl. of Attorney
4 Kevin H. Louth ("Louth Decl."), ¶ 2, ECF No. 50.)  He is a partner in the firm of Manning &
5 Kass Ellrod Ramirez Trester LLP, and a member of the firm's Strategy, Writs, and Appeals
6 Team.  (Id., ¶ 3.)  Counsel Lynn Carpenter has been a member in good standing of the State Bar
7 of Oklahoma since September of 2011 and the California State Bar since June 2016.  (Decl. of
8 Attorney Lynn L. Carpenter ("Carpenter Decl."), ¶ 3.)

9      Mr. Louth has approximately 38 years of experience and Ms. Carpenter has
10 approximately ten years of experience.  In the Eastern District of California, attorneys with less
11 than fifteen years of experience are awarded hourly rates of $250 to 300 per hour.  Perkins v.
12 City of Modesto, No. 1:19-CV-00126-LJO-EPG, 2020 WL 4547325, at *2 (E.D. Cal. Aug. 6,
13 2020); see also Atayde v. Napa State Hosp., No. 1:16-CV-00398-DAD-SAB, 2020 WL 2770061,
14 at *13 (E.D. Cal. May 28, 2020) (finding $350 per hour to be a reasonable hourly rate for an
15 attorney with 13 years of experience in civil rights case).  The Court finds that the rate of
16 $280.00 per hour for the services of counsel in this action is reasonable given their experience.

17      Defendants seek 2 hours for the time expended by Ms. Carpenter in preparing meet and
18 confer letters, assembling various exhibits to support the motion to compel, and for final
19 revisions to the motion.  (Carpenter Decl., ¶ 4.)  Mr. Louth seeks 6.5 hours for time spend
20 reviewing and summarizing the relevant pleadings, discovery, correspondence, and portions of
21 the deposition testimony to draft the joint statement for the motion to compel, doing legal
22 research, and writing the pertinent arguments which were all necessary due to Plaintiff's failure
23 to produce the videos of the incident.  (Louth Decl., ¶ 5.)  The Court notes that Defendants do
24 not state that they are seeking time for preparing the various meet and confer emails from
25 November 2020 through February 2021 which included the requests to produce the videos.
26 Defendants are requesting the time spent in preparing meet and confer letters, but the only actual
27 letter in the record is the ten page letter dated February 19, 2021.  (ECF No. 47-6).  The Court
28 construes reference to "meet and confer letters" in the declaration of Ms. Carpenter to include the

meet and confer emails as they are the only other correspondence on the issue in the record. As these emails also address issues beyond the failure to produce the instant videos, the Court shall reduce the time sought by one hour to accommodate time spent on these other issues. Defendants also seek six and one half hours for time spent in preparing their portion of the instant joint statement and assembling the exhibits (ECF No. 47). The Court finds that seven and a half hours sought is a reasonable amount of time to have expended on attempting to gain Plaintiff's compliance with his discovery obligations.

Defendants seek for the attorney fees to be awarded jointly and severally against Plaintiff and his counsel. Rule 37 provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "Both parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 763 (1980). Rule 37 sanctions are to be diligently applied "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." Roadway Exp., Inc., 447 U.S. at 763. (quoting National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976)). The Ninth Circuit does "not require[ ] a finding of bad faith on the part of the attorney before imposing sanctions under Rule 37." Shaw v. Ultimate Franchises, No. 8:18-02273 JLS ADSX, 2020 WL 5539963, at *2 (C.D. Cal. Aug. 25, 2020) (quoting Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994)).

Accordingly, the Court grants the request for an award attorney fees in the amount of $2,100.00[2] to Defendant for the costs incurred due to Plaintiff's failure to produce the videos or supplement his discovery responses and Plaintiff and his attorneys are jointly and severally liable for the attorney fee award.

///

---

[2] 7.5 hours x $280.00 per hour = $2,100.00.

# IV.

# CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel a further response to request for production, set one, nos. 17 and 18, and request for production no. 6 in the second notice of deposition is GRANTED;

2. Plaintiff shall supplement his response to request for production, set one, nos. 17 and 18, and request for production no. 6 in the second notice of deposition within **fourteen (14) days** of the date of entry of this order by producing the videos or a verified response setting forth in detail his attempts to locate the two videos that he obtained from Mr. Bouieadams;

3. Defendants' request for sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A) is granted and attorney fees in the amount of two thousand one hundred dollars ($2,100.00) is awarded and Plaintiff and his attorneys are jointly and severally liable for the award;

4. Within **thirty (30) days** of the date of entry of this order, Plaintiff shall pay two thousand one hundred dollars ($2,100.00) to Manning & Kass, Ellrod, Ramirez, Trester LLP, 801 S. Figueroa Street, 15th Floor, Los Angeles, California 90017-3012 and file a notice with the Court demonstrating that the award has been paid; and

5. Plaintiff is advised that the failure to comply with this order may result in the issuance of sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated: **March 10, 2021**

UNITED STATES MAGISTRATE JUDGE