# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONDON WALLACE, by and through his guardian ad litem Lois Robinson,<br><br>Plaintiff<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>Defendants | CASE NO. 1:19-CV-1199 AWI SAB<br><br>ORDER ON DEFENDANTS' EX PARTE REQUEST TO SEAL EXHIBIT<br><br>(Doc. No. 62) |

This case arises from a confrontation involving minor Plaintiff London Wallace ("Wallace") and two members of the Fresno Police Department ("FPD"). On February 2, 2022, Defendants filed an ex parte application to seal an exhibit (Exhibit J) that is intended to support a motion for summary judgment. See Doc. No. 62. By minute order, the Court permitted Wallace to respond to the ex parte application. See Doc. No. 64. On February 10, 2022, Wallace filed an opposition. See Doc. No. 66. For the reasons that follow, Defendants' application will be denied.

*Defendants' Argument*

Defendants argue that the Court should seal a police body-cam video that depicts the confrontation between the FPD officers and Wallace. Defendants state that some of the individuals depicted in the video are minors who have privacy rights. Public disclosure of the video could have an adverse impact on the minor's reputation and standing in the community. To avoid the danger and harm that could come from release, sealing the video is appropriate.

*Plaintiff's Opposition*

Wallace argues that the application should be denied because *inter alia* there is no good cause to seal the exhibit. Wallace argues that there video depicts one minor for three seconds as

1  the minor exits the apartment and walks into a public space.  The minor is not identified and no
2  conversation with the minor is captured.  Moreover, the video has been circulated nationwide by
3  news outlets and social media posts for over two years.  Any possible embarrassment has already
4  occurred.

5    *Legal Standard*

6    There is a strong presumption of access to judicial records, including attachments/filings
7  relating to summary judgment.  See Kamakana v. City & Cnty of Honolulu, 447 F.3d 1172, 1179
8  (9th Cir. 2006); Foltz v. State Farm Mutual Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).  An
9  exhibit or other judicial record may be ordered sealed if "compelling reasons" to seal outweigh the
10  general history of access and the public policies favoring disclosure.  United States v. Al-Nouri,
11  983 F.3d 1096, 10xx n.3 (9t h Cir. 2020); Foltz, 331 F.3d at 1135.  "A party seeking to seal a
12  judicial record . . . must articulate compelling reasons supported by specific factual findings."
13  Demaree v. Pederson, 887 F.3d 870, 884 (9th Cir. 2018); Foltz, 331 F.3d at 1135.  "'[C]ompelling
14  reasons' sufficient to outweigh the public's interest in disclosure exist when court records might
15  become a vehicle for improper purposes, such as the use of records to gratify private spite,
16  promote public scandal, circulate libelous statements, or release trade secrets." Demaree, 887 F.3d
17  at 884; Kamakana, 447 F.3d at 1179.  However, the "mere fact that the production of records may
18  lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without
19  more, compel the court to seal its records."  Demaree, 887 F.3d at 884-85; Kamakana, 447 F.3d at
20  1179.  A court may seal records only when it finds a compelling reason, articulates a sufficient
21  factual basis, and does not rely on hypothesis or conjecture.  United States v. Carpenter, 923 F.3d
22  1172, 1179 (9th Cir. 2019).

23    *Discussion*

24    After review, the Court agrees with Wallace that sealing the body-cam video is
25  unwarranted.  As stated above, Wallace is aware of only one minor (who is his friend) who is
26  depicted in the body-cam video.  Wallace represents that the minor is seen for three seconds and is
27  only seen exiting the apartment and walking into a public space.  This is an extremely short period
28  of time.  Moreover, the depiction of the minor is by itself immaterial and there is nothing

inherently embarrassing about walking out of an apartment.  Additionally, Wallace has represented that the video has been reported and circulated in the public domain for over two years.  The Court agrees with Wallace that any possible embarrassment, as unlikely as that may be, has already occurred.  Defendants have not submitted any contrary information that indicates that Wallace's representations are inaccurate.  Therefore, the Court must conclude that Defendants have not articulated sufficiently compelling reasons that would justify the sealing of the body-cam video exhibit.  If Defendants wish to rely on the body-cam video, the video must be submitted or filed in an unsealed manner and consistent with the Local Rules.[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendants' ex parte application to file an exhibit under seal (Doc. No. 62) is DENIED.

IT IS SO ORDERED.

Dated:   February 15, 2022                              _____
                                                        SENIOR  DISTRICT  JUDGE

---

[1] This order does not prohibit the parties from meeting and conferring further.  If the parties believe that it is appropriate, the Court would likely be amenable to a stipulation to file the video with the minor's face blurred out.

3